UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL DOCKET No. 07-md-1861

In re: WELLNX MARKETING AND SALES
PRACTICES LITIGATION

_____

MEMORANDUM AND ORDER ON THIRD-PARTY DEFENDANT
NUTRACEUTICAL INTERNATIONAL, LLC'S
MOTION TO DISMISS

September 15, 2010

STEARNS, D.J.

In these nine civil actions and seven "tag-along" cases, plaintiffs assert deceptive advertising claims against individual inventors, drug manufacturers, and retailers of weight loss products.  The cases were transferred to this district by the Multidistrict Litigation Panel (MDLP) on August 31, 2007, for consolidated pretrial proceedings.  On January 25, 2010, Defendant WellNx Life Sciences, Inc. (WellNx) filed a third-party Complaint against Nutraceuticals International, LLC (NI), a New Jersey corporation, "which has never done business in Massachusetts."  NI's Mem. at 1 (Dkt. #212).  WellNx's claims for indemnification and contribution against NI arise from its sale of South African hoodia gordonii to WellNx (by way of a third-party defendant Swiss Caps, USA, Inc.).  NI moves to dismiss the third-party Complaint, asserting that this court lacks personal jurisdiction.  NI claims that the terms of its sales agreement with Wellnx limit the venue of any litigation to the courts of Bergen County, New Jersey.  In the alternative, NI contends that the filing of the third-party Complaint is untimely.  See Fed. R. Civ. P. 14.

The core cases in this multidistrict litigation (MDL) originate in four jurisdictions –

Maryland, Massachusetts, Nevada, and New Jersey. Plaintiffs are disappointed consumers who purchased "Slimquick – the Female Fat Burner" (Slimquick), "NV–Rapid Weight–Loss Beauty Pill" (NV) and/or Liquid Hoodia Extreme. Plaintiffs' claims, for the most part, are premised on alleged fraud in the marketing and manufacture of Slimquick and NV. NI is named as a third-party defendant in the New Jersey Amended Complaint (Cathcart v. NxCare, Inc.) filed on July 9, 2008.[1] Among other things, the New Jersey plaintiffs complain that WellNx's Liquid Hoodia Extreme did not contain genuine South African hoodia gordonii as advertised.

According to WellNx's third-party Complaint, it purchased the hoodia gordonii from NI. (An NI invoice dated May 18, 2007, indicates that 1,100 kgs of hoodia gordonii was shipped to Wellnx in Miami, Florida, while a second invoice dated June 18, 2007, shows a similar shipment to Swiss Caps at the same address.). WellNx seeks contribution and indemnification from NI on the grounds that it supplied WellNx with counterfeit hoodia gordonii.

In an MDL case, personal jurisdiction is derived from the transferor court. See, e.g., In re Papst Licensing GMBH & Co. KG Litigation, 602 F. Supp. 2d 10, 14 (D.D.C. 2009) ("In multidistrict litigation such as this, the transferee court must apply the law of the transferor forum to determine personal jurisdiction."); In re Sterling Foster & Co., Inc. Sec.

---

[1] The plaintiff in the New Jersey action, Tisha Cathcart, purchased Liquid Hoodia and Slimquick at a Rite Aid store in New Jersey. The New Jersey Amended Complaint makes similar claims about *Liquid Hoodia*, another WellNx weight-loss product. *Liquid Hoodia* is a one-ingredient product made from hoodia gordonii, a succulent plant found only in South Africa, the ingestion of which some believe suppresses hunger. New Jersey Amended Complaint ¶ 81.

Litig., 222 F. Supp. 2d 289, 300 (E.D.N.Y. 2002) (applying the Long-Arm Statute of the transferor forum in multidistrict litigation); In re Plumbing Fixtures Litig., 342 F. Supp. 756, 758 (J.P.M.L. 1972) (same). The MDL statute, 28 U.S.C. § 1407, "authoriz[es] the federal courts to exercise nationwide personal jurisdiction." In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 145, 163 (2d Cir. 1987); see also In re FMC Corp. Patent Litig., 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) ("Transfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue. . . . Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer."). NI is a New Jersey corporation subject to the jurisdiction of the New Jersey transferor court. Therefore, this court has jurisdiction over NI for all pretrial purposes.

NI's request for dismissal pursuant to Fed. R. Civ. P. 14 is similarly without merit. A defending party may bring in a third party without leave of court if its third-party complaint is filed within "fourteen days after serving its original answer." Fed. R. Civ. P. 14(a)(1). WellNx filed its Answer to the Amended Complaint in this case on January 11, 2010. It filed the third-party Complaint on January 25, 2010. The filing was therefore timely.

### ORDER

For the foregoing reasons, Nutraceuticals International LLC's motion to dismiss is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE